## PRESCOTT v. ADAMS.

(Circuit Court of Appeals, Third Circuit.	September 22, 1898.)

1. EJECTMENT—ESTREPEMENT BOND—CONSTRUCTION.
   A writ of estrepement in an ejectment suit was dissolved or modified so far as to allow defendant to remove fallen timber from the land in suit on his giving a bond. Such bond was conditioned for the payment of "such damages and amount as in the event of said suit said plaintiff may be legally entitled to have from said defendant." *Held*, that plaintiff was not required either by the terms of the bond or the statutes to have the amount of damages determined in the ejectment suit, nor in an action for mesne profits, but that on a recovery in the suit his right to damages was established, and he could maintain an action for their recovery directly on the bond.

2. SAME—VALIDITY.
   By the statutes of Pennsylvania, a court of common pleas is given discretion to dissolve a writ of estrepement, and may properly require a bond to be given by defendant as a condition of such action.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

G. A. Jenks, for plaintiff in error.

Thomas H. Murray, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

BRADFORD, District Judge. The questions raised by the assignments of error involve the proper construction and effect to be given to the estrepement bond upon which judgment was recovered in the court below. The plaintiff, Adams, brought an action of ejectment against the defendant, Prescott, in the court of common pleas of Clearfield county, Pennsylvania, August 31, 1874, to recover possession of certain timber lands in that county. At the same time a writ of estrepement issued to stay waste, etc., during the pendency of the suit, which writ was duly served on the defendant September 9, 1874. The suit was removed into the circuit court of the United States for the Western district of Pennsylvania, October 3, 1882, where judgment was recovered by the plaintiff December 30, 1886. The case was carried by writ of error to the supreme court of the United States where the writ of error was dismissed on or about April 22, 1889, a certificate of such dismissal being filed in the circuit court May 15, 1889. In June or July, 1879, a large amount of timber on the lands in controversy in the ejectment suit was blown down during a violent storm. The defendant desired to cut and remove the fallen timber, but, owing to the writ of estrepement, could not legally do so without the dissolution of the estrepement as to such timber. Under these circumstances the court of common pleas, on the application of the defendant, made an order November 28, 1879, dissolving the writ of estrepement "so far as to allow C. H. Prescott, defendant, to remove the down timber, on giving bond in the sum of $2,500, with sureties to be approved by the court." Pursuant to this order the bond in suit was given, and was filed in court December 16, 1879, with the written consent of the plaintiff, through his attorneys, that the fallen timber might there-

upon be removed.　No question has been raised as to the fact of the approval of the bond by the court.　The condition of the bond is as follows:

"Now, if the said defendant, C. H. Prescott, shall pay, or cause to be paid, to the said plaintiff such damages and amount as in the event of said suit said plaintiff may be legally entitled to have from said defendant by reason of the granting of said petition, and of the removal as aforesaid of said timber by said defendant, or others under him, then this obligation to be void, or else to be and remain in full force and virtue."

The defendant bases his assignments of error upon three grounds which in substance are as follows:　First, that the terms of the bond, when properly read, preclude a recovery of damages in an action upon it, on account of the cutting and removal of the fallen timber, in the absence of a prior judicial ascertainment, in the ejectment suit or in an action for mesne profits, of the amount of such damages; secondly, that the statutory procedure for the recovery of mesne profits or damages, to which the plaintiff did not resort, is exclusive of any right on his part to bring suit in the first instance upon the bond; and, thirdly, that the statute of limitations bars any recovery in this suit.

By the condition of the bond the defendant was to pay or cause to be paid to the plaintiff "such damages and amount as in the event of said suit said plaintiff may be legally entitled to have from said defendant."　The contention by the defendant is that, as he was to pay to the plaintiff only such damages and amount as in the event of the ejectment suit the plaintiff should be legally entitled to receive, it follows that it was a condition precedent to any recovery upon the bond that a judgment should have been recovered in the ejectment suit, or in an action for mesne profits in connection therewith, fixing the amount of the damages to which the plaintiff was entitled and establishing a legal right on his part to have and recover the same from the defendant.　Practically the same effect is sought to be given to the condition as if the words "as by the judgment in said suit or in an action for mesne profits" were inserted in lieu of the words "as in the event of said suit."　But there is nothing in the terms of the bond to justify such an interpretation.　The judgment in the action of ejectment, establishing the right of the plaintiff to recover possession, also established his right to recover damages for the cutting and removal of timber, since the beginning of that action, to the amount of the value thereof.　The plaintiff thereupon became "legally entitled to have from said defendant" such an amount as damages.　This was a legal right enforceable by a proper legal remedy.　We find nothing in the terms of the bond, or in the purpose for which it was given, to require the recovery of a judgment aliunde for damages as a pre-requisite to the maintenance of this action.

The dissolution of the writ of estrepement as to the fallen timber upon the giving of the bond was in all respects a proper and legitimate exercise of the discretionary power vested in the court of common pleas touching the dissolution of such writs.　By the act of assembly of Pennsylvania of March 29, 1822 (7 Smith's Laws, p. 520, § 2), relating to estrepement, it was provided that:

"It shall and may be lawful for the tenant or other person in possession to apply to the court from which the said writ may have been issued, at any time after the issuing thereof, whenever such court may be in session, and the said court shall hear the parties in a summary manner, and may dissolve the said writ or make such further order therein as to them may seem just and right."

While the above enactment originally related to the dissolution of a writ of estrepement only in cases where the writ issued in favor of landlords, purchasers at sheriffs' or coroners' sale, mortgagees or judgment creditors (7 Smith's Laws, p. 520, § 1), it was subsequently so extended as to apply to all writs of estrepement; the act of May 4, 1852 (P. L. p. 584, § 2), providing that:

"The second section of the act entitled 'An act to prevent waste in certain cases within this commonwealth,' passed the twenty-ninth day of March, 1822, is hereby extended so as to apply to all cases where the writ of estrepement has issued or may hereafter issue, and the several courts of common pleas in this commonwealth shall in all cases of estrepement have power to hear the parties in a summary manner, and dissolve said writ, or make such further order therein as may seem just and right."

The validity of the bond as a primary obligation for the payment of the damages is clear, unless there be legislation producing a different result. Byrne v. Boyle, 37 Pa. St. 260, is strictly in point. That was an action on a bond required to be given in an ejectment suit by the defendant as the condition on which a writ of estrepement was dissolved. Damages were claimed on account of the cutting and removal of certain timber bound by the estrepement. There, as here, while there had been a verdict and judgment in ejectment, no judgment fixing the amount of damages had been recovered. The court sustained the action on the bond, saying:

"By common law and by our statutes the writ may be dissolved by the court on a hearing with or without terms, as the case may seem to require, or it may be dissolved on the defendant's giving security for all damage that he may do pending the act. A bond to the plaintiff is not an improper form of giving such security. If the plaintiff recover in his action of ejectment, he establishes his right to the possession of the property in as good a condition as it was when the action was brought, and therefore to all damages done to it in the meantime. The very purpose of the estrepement bond is to secure him this, and it does not depend upon any subsequent action relative to the title to the land."

It is, however, urged on behalf of the defendant that the acts of May 2, 1876 (P. L. p. 95, § 1), and June 11, 1879 (P. L. p. 125, § 1), both of which were passed since the decision in Byrne v. Boyle, together with the act of March 21, 1806 (4 Smith's Laws, p. 326, § 13), are fatal to this suit. Of the three acts just referred to the two first mentioned regulate judicial procedure in actions for the recovery of mesne profits or damages connected with lands which are the subject of proceedings in ejectment. The last mentioned act provides that:

"In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued; and no penalty shall be inflicted or anything done agreeably to the provisions of the common law in such cases further than shall be necessary for carrying such act or acts into effect."

The contention is that by virtue of this legislation a strict observance of the statutory procedure was essential to a valid recovery by the plaintiff. This position is untenable. We find nothing in these enactments inconsistent with the right of the plaintiff to bring his action upon the bond. Undoubtedly, if recourse be had to a statutory remedy for the recovery of mesne profits or damages, it is necessary, in the absence of a valid waiver, that all statutory requirements touching the procedure be fully met. But this consideration cannot affect the right of suit upon the bond. It was duly executed and filed pursuant to statutory authority, and created a contractual obligation to pay, should the ejectment suit be determined adversely to the defendant, an amount of money equal to the value of the fallen timber which should be cut and removed. This was the contract of the parties and was clearly enforceable by an action ex contractu, independently of any other remedy which, in the absence of the bond, it might have been necessary to pursue. Again: After the bond was approved and filed the defendant committed no tort in cutting and removing the fallen timber. The plaintiff expressly agreed that it might be removed upon the filing of the bond. The defendant was strictly in the exercise of his rights. His contractual obligation was the consideration for which he acquired those rights. It would be an anomaly that the obligee in such a bond should be compelled to bring an action of trespass for mesne profits, or any other action in tort, for the recovery of damages where the defendant has not been guilty of wrongdoing. This action having been brought upon the bond, the statute of limitations is not applicable to the case. The judgment below is affirmed.